**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGEI STOLIAROV et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UR M. JADDOU, <br><br> Defendants. | Case No.: 3:25-cv-01095-RBM-JLB <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FED. R. CIV. P. 12(b)(1)** <br><br> [Doc. 13] |

On April 30, 2025, Plaintiffs Sergei Stoliarov, Olga Stoliarova, Egor Stoliarov, Gleb Stoliarov, Daria Stoliarova, and Varvara Stoliarova (collectively, "Plaintiffs"), proceeding *pro se*, filed a Complaint seeking to expedite the processing of their applications for adjustment of status to lawful permanent residents ("Complaint"). (Doc. 1.) On September 22, 2025, Defendants United States Citizenship and Immigration Services ("USCIS") and Director of USCIS Ur M. Jaddou (collectively, "Defendants") filed a Motion to Dismiss with a noticed hearing date of November 17, 2025 ("Motion to Dismiss"). (Doc. 13). Accordingly, Plaintiffs' deadline to file an opposition in response to Defendants' Motion to Dismiss was therefore on November 3, 2025. *See* S.D. Cal. Civ. R. 7.1(e) ("[A] party opposing a motion . . . must file that opposition or statement of non-opposition . . . no later than fourteen (14) calendar days prior to the noticed hearing date."). No opposition has been filed to date. Defendants' Motion to Dismiss is therefore considered unopposed. *See*

S.D. Cal. Civ. R. 7.1(f)(3)(c) (providing that the failure to oppose a motion "may constitute a consent to the granting of a motion or other request for ruling by the court."); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).

## I.   DISCUSSION

In the Motion to Dismiss, Defendants assert that Plaintiffs' applications for adjustment of status to lawful permanent residents were approved therefore rendering their Complaint moot. (Doc. 13 at 2.) The Court finds dismissal for lack of subject-matter jurisdiction is appropriate on this basis.

An action becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citation omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). Indeed, an action "should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant 'any effectual relief.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted).

In this case, the only relief Plaintiffs seek in their Complaint is an order requiring Defendants to adjudicate their applications for adjustment of status to lawful permanent residents. (Doc. 1 at 8.) However, on August 28, 2025, Defendants approved and thereby adjudicated Plaintiffs' applications. (Doc. 13 at 2; *see* Doc. 13-1 at 5–10.) Because Plaintiffs have already received their requested relief, there is no longer a case or controversy for the Court to resolve. Plaintiffs' claims are therefore rendered moot. *See Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) ("Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented."). Defendants' Motion to Dismiss is therefore **GRANTED**.

## II. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 13) is **GRANTED** and the Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE:  November 18, 2025

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE